Dear Ms. Odom:
This office is in receipt of your request for an opinion of the Attorney General regarding the funding of equipment and expenses for the offices of the various tax collectors and assessors, in light of LSA-R.S. 33:4713, entitled "Providing quarters for court and parish officers" which provides as follows:
 "Each Parish shall provide and bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit courts and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices and shall provide such other offices as may be needed by the tax collectors and assessors of the parish and shall provide the necessary heat and illumination therefor.
 The cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
 The police jury or other governing body shall make these purchases and then bill the other tax recipient bodies for their proportionate share."
In an effort to present our answers in an orderly and irredundant fashion, we have grouped your questions together, where appropriate, for response.
 "Should sheriffs/tax collectors and assessors be obligated to pay a proportionate share of the cost of providing "furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors? Should the tax collector be billed a proportionate share of the costs of items purchased for him by the police jury? Should the assessor be billed a proportionate share of the costs of items billed for him by the police jury?"
The issue raised by these questions was addressed by this office in Attorney General's Opinion No. 88-491. See also: Attorney General's Opinion No. 94-45. Attorney General's Opinion No. 88-491 pertinently states:
 "Under R.S. 47:1925.1 et seq., Assessment Districts are given the authority to levy ad valorem taxes as specifically outlined therein. Likewise, Law Enforcement Districts under R.S. 33:9001, et seq. have the power to levy ad valorem taxes as outlined therein. Consequently, it is the opinion of this office that if Assessment Districts and Law Enforcement Districts are exercising their taxing powers and receive tax receipts, then they are "tax recipient bodies" within the meaning of R.S. 33:4713."
It remains the opinion of this office that Law Enforcement Districts and Assessment Districts, as "tax recipient bodies", should be billed and should pay their proportionate share of the costs referred to in LSA-R.S. 33:4713.
"Should municipalities pay a proportionate share?"
It is the opinion of this office that LSA-R.S. 33:4713 does require municipalities, as "tax recipient bodies", to pay a proportionate share of the expenses associated with the equipping the offices of tax collectors and assessors as set forth therein. Attorney General's Opinions Nos. 02-0263; 95-45.
 "Should computer services performed for the tax collector and/or assessor be considered as "furniture and equipment, supplies and maps, as may be needed by the tax collector and assessor"? May computer services be pro-rated?"
In the opinion of this office, computers can be considered to be "equipment" under LSA-R.S. 33:4713; however, `services', even `computer services', cannot be considered to be `equipment", or "furniture", "supplies" or "maps". Accordingly, it is our opinion that LSA-R.S. 33:4713 does not authorize the billing of computer services to the police jury or the pro-ration of the cost of such services among the various tax recipient bodies.
 "May purchases made directly by the sheriff/tax collector and assessor be pro-rated and billed directly by either?"
The issue raised by this question was addressed, with respect to the purchase of a computer by a tax collector, in Attorney General's Opinion No. 86-341. Therein we stated:
 "LSA-R.S. 33:4731 provides that the cost of equipment needed by the parish tax collector shall be borne proportionately by all tax recipient bodies in the parish. However, it specifically gives the police jury or other governing body the power to bill the other tax recipients for their proportionate share in the cost of the equipment. It does not give the tax collector this authority. Thus, it is the opinion of this office that the parish tax collector may not bill the tax recipient bodies within the parish for their proportionate share of the cost of a computer. This power is reserved for the police jury or other parish governing authority."
In accordance with Attorney General's Opinion 86-341, it is the opinion of this office that the police jury or other governing authority must make such purchases as are required by LSA-R.S.33:4713, and bill same to the other tax recipient bodies in the Parish. Neither a sheriff/tax collector nor an assessor may pro-rate the costs referred to in LSA-R.S. 33:4713 and bill such costs directly to the tax recipient bodies.
 "Should the costs associated with the preparation of tax notices, based upon assessment information provided by the assessor, be paid solely by the tax collector or should it be pro-rated amongst the appropriate tax recipients?"
In our opinion, LSA-R.S. 33:4713 requires a parish governing authority to purchase necessary furniture, equipment and supplies for the tax collector then bill all tax recipient bodies so as to collect from them their proportionate share of these costs. This provision of law does not require parish governing authorities, or tax recipient bodies, to contribute to the tax collector's costs associated with the production of tax notices. This office has consistently interpreted Act 689 of the 1976 Regular Session, as amended (LSA-R.S. 33:9001-33:9009), which created the law enforcement districts, as requiring sheriff/tax collectors to fund the costs associated wit the collection of ad valorem taxes solely through the law enforcement district millage authorized therein (see: LSA-R.S. 33:9003).
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam